**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

AMA SYSTEMS, LLC, et al.,

      Plaintiffs,

  v.

UNITED STATES FOOD AND DRUG
ADMINISTRATION, et al.,

      Defendants.

Case No. 8:23-cv-00489-DLB

**REPLY IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In their opposition, Plaintiffs attempt to turn this Freedom of Information Act ("FOIA") litigation into a rehashing of their fraud claims against Shenzhen Centurion Technology Co. LTD. ("Shenzhen Centurion") and the other subjects of their FOIA request. Tellingly, Plaintiffs argue that "this Court should not sanction" the FOIA subjects' purportedly fraudulent behavior, but a FOIA litigation against FDA is not the appropriate forum for Plaintiffs' disputes with the subjects of the FOIA request, and information about the FOIA subjects' behavior has no bearing on the issues before this Court. Plaintiffs' attempt to litigate those claims here is inappropriate and irrelevant to this Court's consideration of Defendants' pending motion for summary judgment. Plaintiffs' arguments that summary judgment is premature and that they are entitled to discovery because certain factual disputes remain are wrong on both accounts.

Plaintiffs alleged "factual disputes" are irrelevant to the Court's consideration or are purely legal in nature, and some of the facts that Plaintiffs seek through discovery have already been provided to Plaintiffs. For example, whether any of the subjects of the FOIA request submitted the Emergency Use Authorization ("EUA") request at issue on behalf of Shenzhen Centurion is

irrelevant to the Court's analysis of whether the information in the Shenzhen Centurion EUA request file was appropriately withheld by FDA under FOIA Exemption 4. Similarly, whether Shenzhen Centurion is still in business and what efforts FDA undertook to obtain Shenzhen Centurion's consent to disclose the contents of its EUA request file to Plaintiffs do not affect the Court's analysis of the confidentiality of the withheld information under the test for Exemption 4 confidentiality articulated by the Supreme Court in *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019). Moreover, with respect to whether the documents in Shenzhen Centurion's EUA request are marked as confidential, the Supreme Court has noted the applicability of Exemption 4 to particular information does not turn on confidentiality designations. Finally, as to Plaintiffs' request for discovery regarding the contents of the EUA file, Defendants have established that FDA properly withheld this information under Exemption 4, and therefore, Plaintiffs are not entitled to this information through the discovery process. And, to the extent that Plaintiffs dispute FDA's position regarding Exemption 4, such dispute is purely legal and appropriately before the Court on summary judgment.

In their Motion for Summary Judgment and as further explained below, Defendants have established that the information contained in the Shenzhen Centurion EUA request file is confidential and not reasonably segregable, and that the harm of disclosure is reasonably foreseeable. Therefore, FDA properly withheld the contents of the file under FOIA Exemption 4, and the Court should grant summary judgment to Defendants without a hearing and deny Plaintiffs' request for discovery.

## I.    ARGUMENT

### A.    The Information in Shenzhen Centurion EUA Request File is Confidential and Not Reasonably Segregable

As Defendants set out in their opening brief, the information in Shenzhen Centurion's EUA request file is confidential commercial information exempt from disclosure under FOIA Exemption 4. *See* Memorandum of Law in Support of Defendants' Motion for Summary Judgment ("Defs.' Mem."), ECF No. 25-1, at 8–12. In response, Plaintiffs argue that the EUA request file is not subject to Exemption 4 because, *inter alia*, it contains "documents about an already existing product and representations about the identity of the product made by the manufacturer." Plaintiffs' Opposition to Defendants' Motion for Summary Judgment and Request for Hearing ("Pls.' Opp."), ECF No. 26, at 8.

Plaintiffs' argument fails to acknowledge that the information contained in the EUA request file at issue relates to a product that has not yet been authorized by FDA for use. As such, and contrary to Plaintiffs' suggestion otherwise, *see* Pls.' Opp. at 8, the information submitted as part of the EUA request is not generally available to the public, *see* Declaration of Candace Davis ("Davis Decl."), ECF No. 25-3, ¶ 19 (explaining that FDA considers the information a sponsor chooses to submit as part of its EUA request to be the sponsor's confidential commercial information). Similarly, communications between FDA and the submitter about the unauthorized medical device are not available to the public. *See id.* ¶ 19 (explaining that FDA considers FDA's communications with the sponsor about the EUA request to be the sponsor's confidential commercial information). Accordingly, consistent with FDA's implementing regulations prohibiting the disclosure of various pending premarket submissions, the information contained in an unauthorized EUA request is not disclosable. *See*, *e.g.*, 21 C.F.R. § 807.95 (confidentiality of 510(k) submissions); *id.* § 812.38 (confidentiality of investigational device exemption (IDE)

submissions); *id.* § 814.9 (confidentiality of premarket approval (PMA) submissions); *see also* Davis Decl. ¶ 19 (explaining that FDA considers the contents of an EUA request file to be confidential commercial information exempt from disclosure under Exemption 4).

Plaintiffs' reliance on 21 U.S.C. § 360bbb-3(h) is inapplicable to Shenzhen Centurion's EUA request. That provision provides that certain information in EUA requests may be disclosed if the EUA request is "authoriz[ed], . . . terminat[ed] or revo[ked]." 21 U.S.C. § 360bbb-3(h)(1). Shenzhen Centurion's EUA request does not fall into any of these categories. *See* FDA, Personal Protective Equipment EUAs, https://www.fda.gov/medical-devices/covid-19-emergency-use-authorizations-medical-devices/personal-protective-equipment-euas (last visited June 14, 2023) (listing all surgical masks authorized pursuant to the umbrella EUA for surgical masks or whose authorization for surgical masks pursuant to the umbrella EUA for surgical masks has been terminated or revoked; as of the date of this filing, Shenzhen Centurion's EUA request does not appear on either appendix). Indeed, were Plaintiffs' argument correct, no pending medical product application in FDA's possession would be exempt from disclosure under Exemption 4, because they would all relate to "an already existing product and representations about the identity of the product made by the manufacturer." That is, of course, not the case. *See, e.g.*, *Henson v. Dep't of Health & Human Servs.*, No. 14-cv-908-DRH-DGW, 2017 WL 1090815, at *5 (S.D. Ill. Mar. 23, 2017) (holding that FDA appropriately asserted Exemption 4 over a medical device premarket application); *Nat'l Whistleblower Ctr. v. Dep't of Health & Human Servs.*, 903 F. Supp. 2d 59, 65 (D.D.C. 2012) (same). Thus, the information in the Shenzhen Centurion EUA request file is confidential commercial information exempt from disclosure under Exemption 4.

Additionally, the information in the Shenzhen Centurion EUA request file is not reasonably segregable. Courts have made clear that agencies "need not release non-exempt information

intertwined with exempt information where release would produce only incomplete, fragmented, unintelligible sentences composed of isolated, meaningless words[.]" *Brown v. U.S. Dep't of Justice*, 734 F. Supp. 2d 99, 111 (D.D.C. 2010) (internal quotation marks omitted). As Defendants explained in their opening brief, FDA is unable to segregate any information within the EUA request file because the contents of Shenzhen Centurion's EUA request file, including what information Shenzhen Centurion chose to submit to FDA and FDA's communications regarding the EUA request, are themselves confidential. *See* Defs.' Mem. at 14. Accordingly, even the seemingly innocuous information such as the "titles or form numbers of any of the pages contained in the EUA request file," Pls.' Opp. at 10-11, are confidential because they would reveal, at the very least, what information Shenzhen Centurion chose to submit, and thus are not reasonably segregable. Even if FDA were able to redact the withheld information, "[t]he necessary redaction would require the agency to commit significant time and resources to a task that would yield little, if any, informational value." *Assassination Archives & Research Ctr. v. Cent. Intelligence Agency*, 177 F. Supp. 2d 1, 9 (D.D.C. 2001).

Plaintiffs' suggestion that there may be some nonexempt matter within the Shenzhen Centurion EUA request file, *see* Pls.' Opp. at 10–11, does not alter this conclusion and does not compel this Court to undertake *in camera* review,[1] *see Doherty v. U.S. Dep't of Justice*, 775 F.2d 49, 53 (2d Cir. 1985) ("Disclosable information cannot be easily separated from that which is exempt without compromising the secret nature of the information. The fact that there may be some nonexempt matter in documents which are predominantly exempt does not require the district court to undertake the burdensome task of analyzing approximately 300 pages of

---

[1] Although Defendants maintain that *in camera* review is unnecessary, FDA can make the Shenzhen Centurion EUA request file available to the Court should the Court wish to inspect the withheld information.

documents, line-by-line."); *Lead Indus. Ass'n v. Occupational Safety & Health Admin.*, 610 F.2d 70, 88 (2d Cir. 1979) (noting that the "possibility" that "some bits of non-exempt material may be found among exempt material, even after a thorough agency evaluation" does not "automatically trigger[] [i]n camera inspection").

Accordingly, the information in Shenzhen Centurion's EUA request is confidential commercial information that is exempt from disclosure under Exemption 4. The information is not reasonably segregable, and FDA properly withheld Shenzhen Centurion's EUA request file in full.

### B.    The Harm of Disclosure is Reasonably Foreseeable

Plaintiffs argue that under the reasonably foreseeable harm requirement imposed by the FOIA Improvement Act of 2016, FDA should be required to release the contents of the Shenzhen Centurion EUA request file because "Defendants have not described in reasonably specific detail why the release of the requested information would harm [Shenzhen Centurion's] commercial or financial interests." Pls.' Opp. at 8. Defendants' Memorandum explains why the reasonably foreseeable harm requirement is inapplicable to information withheld under Exemption 4. *See* Defs.' Mem. at 15–16. But even if the reasonably foreseeable harm requirement were applicable, Plaintiffs apply the wrong standard. *See* Pls.' Opp. at 8-9.

> [S]ince the [FOIA Improvement Act] was enacted, few courts have addressed how the foreseeable harm requirement applies to Exemption 4, but nevertheless a split has already developed. In *American Small Business League* [*v. United States Department of Defense*, 411 F. Supp. 3d 824 (N.D. Cal. 2019)], the court rejected an argument, relying on *National Parks*, that the agency must show that disclosure would cause foreseeable competitive harm to the submitter, calling the argument an attempt to circumvent the Supreme Court's rejection of the discredited opinion's reliance on the legislative history in determining the scope of the term confidential . . . . By contrast, in *Center for Investigative Reporting* [*v. United States Customs and Border Protection*, 436 F. Supp. 3d 90 (D.D.C. 2019)], the court relied in part on *National Parks* [*and Conservation Ass'n v. Morton*, 498 F.2d 765 (D.C. Cir. 1974), *abrogated by Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019)], to conclude that the agency may satisfy the reasonable harm requirement by showing that disclosure would cause genuine harm to [the

submitter's] economic or business interests, and thereby dissuade[] others from submitting similar information to the government.

*Seife v. Food & Drug Admin.*, 492 F. Supp. 3d 269, 279 (S.D.N.Y. 2020) (fourth and fifth alterations in original) (citations and internal quotation marks omitted), *aff'd*, 43 F.4th 231 (2d Cir. 2022).

This Court should reject Plaintiffs' attempt to revive the now-defunct competitive harm test articulated in *National Parks* and relied upon in *Center for Investigative Reporting*, which the Supreme Court overruled in *Argus Leader*. Although the Supreme Court in *Argus Leader* did not specifically address the reasonable harm requirement, the Supreme Court articulated how, in Exemption 4 cases, the agency need not prove that disclosure causes commercial or financial harm to the *submitter* of the information; instead, the agency must prove that disclosure causes harm to the *confidentiality* of the information. *Cf. Argus Leader*, 139 S. Ct. at 2366 (rejecting dissent's position that while "the law doesn't demand proof of 'substantial' or 'competitive' harm, . . . it would be a good idea to require a showing of *some harm*[,]" noting that the dissent's reliance on "specialized dictionary definitions lifted from the national security classification context have no bearing on Exemption 4").

Here, the Court should evaluate whether disclosure of the EUA request file would harm the confidentiality of that information in the request file—not whether disclosure would harm the commercial or financial interests of Shenzhen Centurion. This approach, which was adopted in *American Small Business League*, is more consistent with the Supreme Court's understanding of Exemption 4, as articulated in *Argus Leader*. For the reasons stated in Defendants' Memorandum, *see* Defs.' Mem. at 16–17, this Court should conclude that, under the *American Small Business League* approach, disclosure of Shenzhen Centurion's EUA request file would cause reasonably foreseeable harm to the file's confidentiality.

### C.        Plaintiffs are Not Entitled to Discovery

This Court should reject Plaintiffs' argument that they are entitled to discovery before this Court rules on Defendants' pending motion for summary judgment because they purportedly "are unable to present all facts essential to justify [their] opposition without discovery." Pls.' Opp. at 12. As explained in Defendants' Memorandum, "[d]iscovery is the exception and not the rule in FOIA cases." Defs.' Mem. at 7 (quoting *Goldner v. Social Sec. Admin.*, 293 F. Supp. 3d 540, 544 (D. Md. 2017). A request for discovery in a FOIA case "should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains[,]" *id.* at 544, and when no showing of bad faith has been made, *cf. Gagnon v. Fed. Bureau of Investigation*, Civ. Action No. 12-1433, 2014 WL 6805027, at *1 (D.D.C. Dec. 3, 2024) (explaining that in a FOIA action, "discovery might be warranted upon a showing of 'bad faith' on the agency's part but merely asserting bad faith does not sufficient to overcome summary judgment"). "Even when discovery is granted, it is generally limited to the question of whether an agency has [ ] taken adequate steps to uncover responsive documents." *Gagnon*, 2014 WL 6805027, at *1 (alteration in original) (internal quotation marks omitted).

Here, Defendants submitted a detailed declaration addressing how FDA conducted its search for responsive documents. *See* Davis Decl. ¶¶ 23–29 (describing the databases searched, the keywords used to conduct the searches, and the results of the searches). Nowhere in Plaintiffs' Opposition do they assert, let alone provide evidence, that FDA has acted in bad faith. Moreover, the factual disputes that Plaintiffs allege are not the type that FOIA discovery is designed to address. Tellingly, nowhere in Plaintiffs' opposition do they challenge the steps FDA took to uncover responsive documents. *Cf. Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 36 (D.D.C. 2002) ("Discovery is only appropriate when an agency has not taken steps to uncover

responsive documents."). Instead, through discovery, Plaintiffs seek information that is not appropriately the subject of FOIA discovery or is already available to Plaintiffs.

First, Plaintiffs seek through discovery the information that is the subject of their FOIA request: "what records the FDA received from [Shenzhen Centurion]," "what records the FDA provided to [Shenzhen Centurion]," and "what records the FDA is in possession of and withholding." Pls.' Opp. at 12. Allowing Plaintiffs to obtain this information through discovery "would, if granted, turn FOIA on its head, awarding [Plaintiffs] in discovery the very remedy for which [they] seek[] to prevail in this suit." *Tax Analysts v. Internal Rev. Serv.*, 410 F.3d 715, 722 (D.C. Cir. 2005); *see Unrow Human Rights Impact Litig. Clinic v. U.S. Dep't of State*, Civ. Action No. 13-cv-1573 (KBJ), 2014 WL 12810521, at *2 (D.D.C. July 25, 2014) ("Consequently, if Defendants are forced to respond to Plaintiff's RFAs, Plaintiff will have effectively circumvented the FOIA process entirely—which[] . . . is precisely the result that the well-established practice of not permitting discovery in FOIA cases is aimed at preventing.").

Second, Plaintiffs seek discovery regarding "why no redacted documents were produced." Pls.' Opp. at 12. But this information is already available to Plaintiffs. Defendants have detailed FDA's practice regarding the disclosure of EUA requests in the Davis Declaration and FDA's reasoning for withholding the documents at issue here. *See* Davis Decl. ¶¶ 14–19, ¶¶ 30–39. Moreover, as noted in Defendants' Memorandum, the parties' dispute regarding whether FDA properly withheld the contents of the Shenzhen Centurion EUA request file is a purely legal—not factual—question and therefore, is not properly the subject of discovery. *See Wickwire Gavin P.C. v. Def. Intelligence Agency*, 330 F. Supp. 3d 592, 596 (E.D. Va. 2004) ("Whether a given document properly falls within the scope of one of the statutory exemptions is a question of law[.]" (citing *Ethyl Corp. v U.S. Envtl. Prot. Agency*, 25 F.3d 1241, 1246 (4th Cir. 1994))).

Finally, Plaintiffs seek information regarding "Defendants' efforts to obtain consent from [Shenzhen Centurion] to respond to Plaintiffs' FOIA Request[,] whether Shenzhen Centurion marked their documents as "FOIA Confidential Commercial Information, Exemption 4[,]" and whether [Shenzhen Centurion] objected to the production of their application or EUA Request File in response to a FOIA request." Pls.' Opp. at 4–5. With respect to whether the information in Shenzhen Centurion's EUA request file was marked as confidential, the applicability of Exemption 4 to particular information does not turn on confidentiality designations. *See U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 179 (1993) (explaining that an implied assurance of confidentiality can be "inferred" based on "generic circumstances"). And with respect to Plaintiffs' desire for more specifics regarding FDA's attempts to communicate with Shenzhen Centurion under 21 C.F.R. § 20.47, FDA was not obligated to ask for Shenzhen Centurion's authorization because FDA was not uncertain about the confidentiality of the information. *Cf.* 21 C.F.R. § 20.47 (explaining that FDA is only obligated to reach out to the submitter before publicly disclosing the submitter's information "[i]n situations where the confidentiality of data or information is uncertain"). Nevertheless, as noted in Defendants' Memorandum, the agency did attempt to reach out to Shenzhen Centurion to ask whether the company was willing to waive the confidentiality of its EUA request so FDA could release it publicly in response to Plaintiffs' FOIA request, but was unable to make contact with the company. *See* Defs.' Mem. at 9 n.4. Accordingly, because the information sought by Plaintiffs is either information to which they are not entitled or information that is already available to them, Plaintiffs have failed to meet the high standard for invoking discovery in a FOIA action.

And if the Court were inclined to entertain a request for discovery, Plaintiffs' request should not be entertained until after the Court has ruled on Defendants' Motion for Summary

Judgment. "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance*, 201 F.R.D. 1, 2 (D.D.C. 2001). This is particularly true in FOIA matters because "discovery prior to a court's evaluation of the parties' summary judgment arguments may lead to the disclosure of documents that would otherwise be protected from disclosure by one of the FOIA exemptions." *Unrow*, 2014 WL 12810521, at *1. Plaintiffs' request is therefore, at the very least, premature. Because Plaintiffs fail to meet the heightened standard for discovery in FOIA cases, their request for discovery should be denied.

## II.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment should be granted and Plaintiffs' request for discovery should be denied.

Date:   June 21, 2023                        Respectfully submitted,

                                             EREK L. BARRON
                                             United States Attorney

                             By:     /s/
                                     _____
                                     ALICIA L. SHELTON
                                     Assistant United States Attorney
                                     U.S. Attorney's Office, District of Maryland
                                     36 S. Charles Street, Fourth Floor
                                     Baltimore, MD 21201
                                     (410) 209-4836
                                     Alicia.Shelton2@usdoj.gov

                                     *Counsel for Defendants*

Of Counsel:

SAMUEL R. BAGENSTOS
General Counsel
U.S. Department of Health and Human Services

MARK RAZA
Chief Counsel

WENDY S. VICENTE
Deputy Chief Counsel, Litigation

ELIZABETH TETER-GOSSMANN
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993

## CERTIFICATE OF SERVICE

I certify that on this 21st day of June 2023, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF System, which will send notice of such filing to all counsel.

_____/s/_____
Alicia L. Shelton
Assistant United States Attorney