IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMA SYSTEMS, LLC, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION, et al.,<br><br>    Defendants. | Case No. 8:23-cv-00489-DLB |

## SECOND DECLARATION OF CANDACE DAVIS

I, Candace Davis, declare as follows:

1.    I am the Director of the Division of Information Disclosure within the Center for Devices and Radiological Health ("CDRH-DID"), United States Food and Drug Administration ("FDA"), U.S. Department of Health and Human Services, in Silver Spring, Maryland. I have held this position since January 8, 2017.

2.    I previously submitted a declaration in this case on May 24, 2023. ECF No. 25-3.

3.    FDA is concurrently submitting for *in camera* review four identical copies of an email from FDA to a third-party consultant for Shenzhen Centurion ("SCT"), dated May 21, 2020, containing the subject "Formal Notification: Unable to Provide Emergency Use Authorization of your Non-NIOSH Approved Disposable Filtering Facepiece Respirator Manufactured in China" (hereafter, the "FDA Email"). The FDA Email is the only part of SCT's Emergency Use Authorization ("EUA") file that this Court found, by Order dated February 21, 2024 (ECF No. 30), was not exempt as a whole from public disclosure under the Freedom of Information Act ("FOIA"). The purpose of this declaration is to explain why FDA has redacted certain information from the FDA email.

4. In two instances, FDA has redacted information from texts that precede the FDA Email, because that information is not part of the "single communication *from the FDA* to SCT" that the Court referred to in its order. ECF No. 29 at 20. These redactions are made to communications that originated from the EUA sponsor to FDA. *See* Redactions made on PDF pages 1 and 5 of FDA's *in camera* submission.

5. FDA also redacted the name and email address of SCT's third-party consultant. *See* Redactions made on PDF pages 1, 3, 5, 7 of FDA's *in camera* submission. FDA considers the business relationship between an EUA sponsor and its third-party consultant to be confidential commercial information ("CCI") that is exempt from public disclosure under 20 C.F.R. § 20.61 and FOIA Exemption 4, unless the parties' relationship has been publicly disclosed. CDRH-DID conducted internet searches using the Google search engine to determine whether the business relationship between SCT and its third-party consultant is publicly available, but CDRH-DID's Google searches yielded no evidence that the relationship between the EUA sponsor and its third-party consultant has been publicly disclosed. Accordingly, the third-party consultant's name and email address have been redacted from the FDA Email. *See* Redactions made on PDF pages 1, 3, 5, and 7 of FDA's *in camera* submission.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Candace Davis -S
Digitally signed by Candace Davis -S
Date: 2024.03.05 16:50:01 -05'00'

Candace Davis
Director, Division of Information Disclosure
Office of Communication & Education
Center for Devices and Radiological Health
U.S. Food and Drug Administration
U.S. Department of Health and Human Services

Executed on March 5, 2024.